IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| MUNICH RE SYNDICATE 457 AT LLOYD'S OF LONDON,<br><br>Plaintiff,<br><br>v.<br><br>C&K TRUCKING, LLC,<br><br>Defendant. | Case No. 2:25-cv-01470-BHH<br><br>**COMPLAINT** |

**NOW COMES** Plaintiff, Munich Re Syndicate 457 at Lloyd's of London, by and through its attorneys Bluestein Law Firm, P.A., and as and for its Complaint against the above-named defendant, alleges upon information and belief as follows:

1. This action arises from the Defendant's wrongful release and unauthorized delivery of 12,910 sets of new bed sheets to a corporation that had not paid for them.

2. Upon information and belief, this Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state.

3. The United States District Court for the District of South Carolina is the proper venue for this action pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## THE PARTIES

4. At all times relevant hereto, plaintiff Munich Re Syndicate 457 at Lloyd's of London (hereinafter "Munich Re") was and now is a syndicate comprised of a single corporate member of Lloyd's of London, Munich Re Capital Limited, a private limited company or other

business entity organized and existing by virtue of the law of the United Kingdom, with an office and place of business at 1 Fen Court, London, England, United Kingdom, EC3M 5BN, engaged in business as an underwriter of insurance.

5.    At all times relevant hereto, ASF Global, LLC was and now is a limited liability company or other business entity organized and existing by virtue of Alabama law, with its registered office and place of business at 1382 Spring Hill Avenue, Mobile, AL 36608, engaged in business providing, among other things, services as a non-vessel-operating common carrier ("NVOCC") and issuing bills of lading.

6.    Upon information and belief, at all times relevant hereto, defendant C&K Trucking, LLC, was and now is a limited liability company or other business entity organized and existing under the laws of Illinois, with an office and principal place of business at 6205 W 101st St, Chicago Ridge, IL 60415, and an office and place of business at 2819 Industrial Avenue, North Charleston, SC 29405, engaged in business as a carrier of goods for hire providing, among other things, drayage services.

## THE SHIPMENTS OF THE CARGO

7.    In or about November 2021, ASF Global, LLC (hereinafter "ASF") issued bills of lading for the shipment of a total of 12,910 sets of new bed sheets in a total of 6,455 cartons (the "Cargo") from Qingdao, China, to Charleston, South Carolina.

8.    The Cargo was transported in two forty-foot ocean shipping containers, numbers CAIU7937622 and FSCU7159797.

9.    As the consignee, Soft-Tex International, Inc. (hereinafter "Soft-Tex"), was entering into financial trouble around the time that the Cargo was transported, it was agreed by ASF Global, LLC and the shipper, Shandong Weiqiao Jiajia Home Textile Co., Ltd. (hereinafter

"Shandong Weiqiao"), that each container of cargo would be released to Soft-Tex only after confirmation that Shandong had received payment from Soft-Tex for that cargo.

10. ASF arranged for C&K Trucking, LLC (hereinafter "C&K") to pick up numerous containers from the Port of Charleston, temporarily hold them at its yard, and then deliver specific containers to Soft-Tex upon receipt of authorization from ASF.

11. Containers CAIU7937622 and FSCU7159797 arrived at the Port of Charleston on or about January 18, 2022, and cleared Customs on or about January 20, 2022.

12. C&K picked up containers CAIU7937622 and FSCU7159797 from the Port of Charleston and brought them to its yard for temporary storage.

13. On February 7, 2022, ASF advised by e-mail that containers CAIU7937622 and FSCU7159797, among others, were "<u>not to be delivered</u> to Soft-tex" (emphasis original) and should instead be pulled to C&K's yard and held.

14. On February 17, 2022, ASF reconfirmed in writing to C&K that containers picked up at the Port of Charleston needed to go to C&K's yard, not to Soft-Tex.

15. On March 1, 2022, C&K provided ASF with a list of 11 containers stored on its yard. Eight of the containers had a notation that they were "ok to deliver" but the other three containers, including numbers CAIU7937622 and FSCU7159797, did not.

16. On March 7, 2022, C&K's dispatcher asked ASF when C&K was going to deliver container numbers CAIU7937622 and FSCU7159797 that were stored on C&K's yard.

17. On March 14, 2022, ASF told C&K that it would advise when containers CAIU7937622 and FSCU7159797 could be released.

18. On March 14, 2022, C&K responded, "These were delivered to Soft-Tex last week, to create chassis to pull more containers. Sorry."

3

19. On March 14, 2022, ASF replied that C&K was not to deliver containers CAIU7937622 and FSCU7159797, which were to be held per last details provided.

20. At all times relevant hereto, C&K understood, knew, and/or should have known that containers were not to be delivered to Soft-Tex without express authorization from ASF and that authorization to deliver a particular container would not be provided until Soft-Tex paid for the cargo in that container.

21. At all times relevant hereto, C&K understood, knew, and/or should have known that containers CAIU7937622 and FSCU7159797 were not to be delivered to Soft-Tex without express authorization from ASF and that authorization to deliver those containers would not be provided until Soft-Tex paid for the cargo in those containers.

22. Soft-Tex never paid Shandong Weiqiao for the cargo in containers CAIU7937622 and FSCU7159797.

## THE SHIPPER'S CLAIM AGAINST ASF

23. Shandong Weiqiao brought an action against ASF in Shanghai Maritime Court seeking damages amount to a sum in excess of US $500,000 accounting for the invoice value of the Cargo.

24. Ultimately, Shandong Weiqiao's claim was settled for approximately US $294,449.73. Munich Re, as underwriter of a certain policy of insurance providing coverage to ASF, paid settlement funds and was subrogated to and assigned ASF's rights, remedies, and causes of actions arising out of or relating to the shipments of the Cargo, including those asserted against Defendant herein.

## PLAINTIFF'S CLAIMS

25. Plaintiff brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said claims, as their respective

interests may ultimately appear, and Plaintiff is entitled to maintain this action.

26. Plaintiff and its insured/assignor have duly performed all of the duties, obligations, and conditions precedent to be performed on their part.

## COUNT I – BREACH OF CONTRACT

27. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 as if set forth herein at length.

28. Defendant C&K agreed, for certain valid consideration, to pick up containers from the Port of Charleston, temporarily hold them at its yard, and then deliver specific containers to Soft-Tex upon receipt of authorization from ASF.

29. Defendant breached its contractual obligations by delivering containers CAIU7937622 and FSCU7159797 to Soft-Tex, despite having received no authorization from ASF to deliver those containers.

30. The damages complained of herein are a direct and proximate result of Defendant's wrongful release and unauthorized delivery of containers CAIU7937622 and FSCU7159797 to Soft-Tex.

31. The damages were due in no part to any actions or inactions of Plaintiff or its insured/assignor.

32. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $294,449.73.

## COUNT II – BREACH OF BAILMENT

33. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 as if set forth herein at length.

34. In the alternative, Defendant C&K is liable for breach of duties and obligations as a bailee.

35. At the request of ASF and for certain valid consideration, Defendant C&K picked up containers CAIU7937622 and FSCU7159797 from the Port of Charleston and brought them to its yard for temporary storage.

36. Defendant C&K had a duty not to deliver containers CAIU7937622 and FSCU7159797 to Soft-Tex unless and until ASF authorized C&K to do so.

37. Defendant C&K delivered containers CAIU7937622 and FSCU7159797 to Soft-Tex, despite having received no authorization from ASF to deliver those containers.

38. The damages complained of herein are a direct and proximate result of C&K's wrongful release and unauthorized delivery of containers CAIU7937622 and FSCU7159797 to Soft-Tex.

39. The damages were due in no part to any actions or inactions of Plaintiff or its insured/assignor.

40. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $294,449.73.

## COUNT III – NEGLIGENCE

41. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 as if set forth herein at length.

42. In the alternative, Defendant C&K is liable for negligence.

43. Defendant had a duty to exercise reasonable care in providing services in relation to containers CAIU7937622 and FSCU7159797, including without limitation drayage and temporary storage of the containers.

44. At all times relevant hereto, Defendant understood, knew, and/or should have known that containers CAIU7937622 and FSCU7159797 were not to be delivered to Soft-Tex

without express authorization from ASF and that authorization to deliver those containers would not be provided until Soft-Tex paid for the cargo in those containers.

45. Defendant C&K delivered containers CAIU7937622 and FSCU7159797 to Soft-Tex, despite having received no authorization from ASF to deliver those containers.

46. The damages complained of herein are a direct and proximate result of C&K's wrongful release and unauthorized delivery of containers CAIU7937622 and FSCU7159797 to Soft-Tex.

47. The damages were due in no part to any actions or inactions of Plaintiff or its insured/assignor.

48. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $294,449.73.

## COUNT IV – INDEMNITY

49. Plaintiff repeats and realleges each and every allegation set forth in paragraphs 1 through 26 as if set forth herein at length.

50. Defendant undertook certain obligations as set forth above for due consideration.

51. Defendant breached its obligations by delivering the Cargo in containers CAIU7937622 and FSCU7159797 to Soft-Tex without authorization from ASF, which breach directly and proximately resulted in the damages complained of herein.

52. As a direct and proximate result of Defendant's breach of its obligations, shipper Shandong Weiqiao brought an action against Plaintiff for the value of the Cargo for which it was not paid.

53. Plaintiff paid a reasonable amount in settlement of shipper Shandong Weiqiao's claim.

54. Plaintiff also incurred attorney's fees and legal costs in the defense of the action in

the Shanghai Maritime Court.

55. Shandong Weiqiao's damages were directly and proximately caused by Defendant's breach of its statutory, contractual, and/or common law duties as carriers and/or bailees of the Cargo, negligence, and/or other fault, and were due in no part to any actions or inactions of Plaintiff or its insured/assignor.

56. By reason of the premises, Plaintiff has sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $294,449.73.

**WHEREFORE**, Plaintiff prays:

(i) that process in due form of law according to the practice of this Court may issue against Defendant, citing it to appear and answer the foregoing;

(ii) that judgment be entered in favor of Plaintiff and against Defendant in the amount of $294,449.73, together with costs, interest, and reasonable attorney's fees; and

(iii) for such other and further relief as this Court may deem just and proper under the circumstances.

Respectfully submitted,

BLUESTEIN LAW FIRM, P.A.

By: s/ S. Scott Bluestein
S. Scott Bluestein / Federal ID No. 6981
266 W. Coleman Blvd., Suite 103
Mount Pleasant, SC 29464
Telephone: (843) 577-3092
Facsimile: (843) 577-3093
Email: Scott@BoatingLaw.us

**ATTORNEYS FOR PLAINTFF**

March 7, 2025
Mount Pleasant, South Carolina